SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 29 2010

J. T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **ANALYTIC STRESS RELIEVING, INC.** ) <br> ) <br> Defendant. ) <br> _____ ) | **CIVIL ACTION NUMBER:** <br> 1:10cv478 HSO-JMR <br><br> **COMPLAINT** <br><br> **WITH JURY DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Ashley Magyar who was adversely affected by such practices. As alleged with greater particularity in paragraphs eight (8) through thirteen (13) below, the Equal Employment Opportunity Commission alleges that Analytic Stress Relieving, Inc. ("Defendant" or "Analytic Stress") terminated Ashley Magyar's employment in retaliation for her opposition to sexually discriminatory practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been incorporated in the State of Louisiana, has continuously been doing business in the State of Mississippi and the City of Gulfport, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Ashley Magyar filed a charge with the Commission alleging violations of Title VII by Defendant Analytic Stress. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about October 6, 2008, Defendant engaged in unlawful employment practices at its Gulfport, Mississippi location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it terminated Ashley Magyar in retaliation for her opposition to offensive and unwanted sexual misconduct by her male supervisor.

8. On or about August 21, 2008, Ashley Magyar complained to Defendant Analytic Stress that she was a victim of sexual harassment committed by her male supervisor. The harassment was because of her sex, female, and consisted of offensive verbal and physical conduct.

9. The complaint of Ashley Magyar to Defendant Analytic Stress about workplace sexual harassment was opposition to a practice made unlawful by Title VII.

10. In the course of an investigation by Defendant Analytic Stress, the male supervisor admitted that he engaged in the offensive behavior about which Ashley Magyar complained. Thereafter, disciplinary action was taken against the male employee by Defendant Analytic Stress.

11. Approximately six (6) weeks after Ashley Magyar complained, on or about October 6, 2010, Defendant Analytic Stress gave her notice that it was terminating her for performance reasons.

12. Prior to giving her the notice of intent to terminate her employment, Defendant Analytic Stress gave Ashley Magyar written assessments judging her work to be acceptable, and had not told Ashley Magyar that it viewed she had performance problems.

13. The employment of Ashley Magyar was officially terminated by Defendant Analytic Stress on or about November 7, 2008.

14. The termination of Ashley Magyar was an adverse action taken in retaliation for her opposition to offensive and unwanted sexual misconduct by her male supervisor.

15. The effect of the practice(s) complained of in paragraphs eight (8) through thirteen (13) above has been to deprive Ashley Magyar of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful by Title VII.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Ashley Magyar.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination by retaliating against current, future or former employees who have opposed practices made unlawful by Title VII or who have engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose, or who have opposed, employment practices made unlawful under Title VII, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Ashley Magyar whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Ashley Magyar by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through thirteen (13) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Ashley Magyar by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in paragraphs eight (8) through thirteen (13) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Ashley Magyar punitive damages for its malicious and reckless conduct described in paragraphs eight (8) through thirteen (13) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

_____
JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
(205) 212-2045
(205) 212-2041
